UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-007-MOC

| | |
|---|---|
| CEDRIC DEAN,  )<br>SUSAN MILLS DEAN,  )<br>  )<br>Plaintiffs, pro se,  )<br>  )<br>vs.  )<br>  )<br>CHARLOTTE-MECKLENBURG  )<br>SCHOOLS,  )<br>  )<br>Defendant.  )<br>_____  ) | ORDER |

**THIS MATTER** comes before the Court on Defendant's second motion to dismiss. (Doc. No. 18). Plaintiffs responded in opposition, and Defendant filed a reply. (Doc. Nos. 20, 21). Because the Plaintiffs lack standing and cannot litigate their child's claim pro se, the Court will grant Defendant's motion and dismiss Plaintiffs' claim without prejudice.

I. **Background**

Cedric and Susan Mills Dean are parents of a minor child attending Mallard Creek High School in Charlotte, North Carolina. Mr. and Mrs. Dean initially brought a pro se complaint in their own names hoping to recover under 42 U.S.C. § 1983 for the school's alleged violation of rights guaranteed to their son by Title IX. (Doc. No. 1). Defendant Charlotte Mecklenburg Schools moved to dismiss. (Doc. No. 7). In response, Plaintiffs sought leave to file an amended complaint, which this Court granted. (Doc. Nos. 10, 11).

The amended complaint indicates that Mr. and Mrs. Dean's minor child—a Mallard Creek High School student—is the real party in interest. (Doc. No. 17). But Mr. and Mrs. Dean remain the plaintiffs in this action. (Id.). As "next friend Plaintiffs," Mr. and Mrs. Dean aim to

litigate their son's claim pro se.

Defendant moved to dismiss Plaintiff's amended complaint under Rules 12(b)(6), 12(b)(1), and 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. No. 18). Defendant argues that the complaint must be dismissed because Mr. and Mrs. Dean lack standing and alternatively do not have authority to litigate their son's claim pro se. This matter is now ripe for decision.

**II.     Legal Standard**

Defendant moves to dismiss under Rules 12(b)(1), 12(b)(6), and 12(b)(2) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion questions whether the plaintiff "has a right to be in the district at all and whether the court has the power to hear and dispose of [plaintiff's] claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). A Rule 12(b)(6) motion requires the Court to decide whether the plaintiff "has stated a cognizable claim." Id. A rule 12(b)(2) motion requires the plaintiff to prove that the Court has personal jurisdiction over the defendant. When assessing a Rule 12(b)(1), (2), or (6) motion to dismiss, the Court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993).

On a Rule 12(b)(1) motion to dismiss for lack of standing, "a court must construe the complaint in the plaintiff's favor, accepting as true the factual allegations in the complaint." Students for Fair Admissions, Inc. v. U. of N. Carolina, 1:14CV954, 2018 WL 4688388, at *2 (M.D.N.C. Sept. 29, 2018). A district court should only grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg, & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

### III.     Discussion

Defendant's Rule 12(b) motions identify two defects in Plaintiff's pleadings. First, Mr. and Mrs. Dean have failed to properly identify their son as the real party in interest, as Federal Rule of Civil Procedure 17(a)(1) requires. While an action may be brought on behalf of a minor child by a "next friend" under Federal Rule of Civil Procedure 17(c)(2), an "action is properly brought in the name of the [minor child] with the statement that he or she is represented by a stated next friend or guardian, not in the name of the next friend." Queen v. Minn. Life Ins. Co., No. 3:09cv383-DCK, 2010 WL 249326, at *2 (W.D.N.C. Jan. 21, 2010) (quoting Williston on Contracts, WILLSTN-CN § 9:25). And while Mr. and Mrs. Dean identify themselves as "next friend Plaintiffs" in their amended complaint, this action continues to be prosecuted in their name, rather than their son's. Thus, the action is not properly brought in the name of the minor

child.

This rule is no mere formality. Any judgment rendered as to an unrepresented minor is voidable. Id. at *1. Under the current arrangement, wherein Mr. and Mrs. Dean continue to identify themselves as Plaintiffs, their minor son could upon reaching majority void any judgment rendered in this case and require the Court to relitigate issues presented herein.

Mr. and Mrs. Dean's failure to identify their son as the real party in interest compels this Court to grant Defendants' Rule 12(b)(1) motion. Where a party lacks standing to sue, the Court lacks jurisdiction to hear the case, and Rule 12(b)(1) dismissal is appropriate. See Smith v. Frye, 488 F.3d 263, 272 (4th Cir. 2007). Absent a showing of redressability, a party lacks standing to sue. Here, Mr. and Mrs. Dean cannot show redressability because (1) they cannot establish that a "case or controversy" exists between themselves (as opposed to their son) and Defendant school district and (2) any judgment would be voidable upon their son's majority. See id. Because Mr. and Mrs. Dean remain the named Plaintiffs in this action, and because they lack standing to sue, the Court lacks jurisdiction and must grant Defendants' Rule 12(b)(1) motion.

What's more, even if Mr. and Mrs. Dean had substituted their son as the real party in interest, the Court would still have to grant Defendant's Rule 12(b)(6) motion. That is because even where a Plaintiff properly brings a claim on behalf of their minor child, "non-attorney parents generally may not litigate [pro se] the claims of their minor children in federal court." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400–01 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court, . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others.").

Because Mr. and Mrs. Dean themselves lack standing, and because they may not proceed as their son's next friend pro se, the Court will grant Defendant's motion to dismiss. The

dismissal will be without prejudice. For this matter to move forward, Mr. and Mrs. Dean must (1) properly identify their son as the real party in interest, and (2) retain counsel.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's second motion to dismiss (Doc. No. 18) is **GRANTED**. This matter is hereby **DISMISSED without prejudice**.

Signed: May 14, 2024

Max O. Cogburn Jr
United States District Judge